IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: COCA-COLA ENTERPRISES INC. SECURITIES LITIGATION | CIVIL ACTION FILE NO. 1:06-CV-0275-TWT |

ORDER

This is a securities fraud action.  It is before the Court on the Defendants'

Motion to Dismiss Second Amended Consolidated Class Action Complaint [Doc. 70].

For the reasons set forth below, the Defendants' Motion is GRANTED.

I. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint need not contain "detailed factual

allegations," but must "give the defendant fair notice of what the claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct.

1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (punctuation

omitted)).  Ultimately, the complaint is required to contain "only enough facts to state

a claim to relief that is plausible on its face."  Id. at 1974.  In ruling on a motion to

dismiss, the court must accept the facts pleaded in the complaint as true and construe

them in the light most favorable to the plaintiff.  See Quality Foods de Centro

America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-

95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

## II. DISCUSSION

The Second Amended Complaint is actually the Plaintiffs' third attempt to file a viable complaint.  The Plaintiffs dismissed the first and the Court granted the Defendants' Motion to Dismiss as to the second.  Nevertheless, the Plaintiffs were granted leave to amend their Complaint.  The Court finds that the Second Amended Complaint is insufficient for the following reasons.

A. Pleading Securities Fraud

A fraud claim brought in federal court must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.  A complaint satisfies this rule if it sets forth precisely (1) what statements or omissions were made in what documents or oral representations, (2) who made the statements, (3) the time and place of the statements, (4) the content of the statements and manner in which they misled the plaintiff, and (5) what benefit the defendant gained as a consequence of the fraud.  Brooks v. Blue Cross and Blue Shield of Fl., Inc., 116 F.3d 1364, 1371

(11th Cir. 1997); In re Theragenics Corp. Securities Litigation, 105 F. Supp. 2d 1342, 1348 (N.D. Ga. 2000).  The Private Securities Litigation Reform Act ("the Reform Act"), 15 U.S.C. § 78u-4(b), supplements Rule 9(b) by requiring that: (1) the plaintiff specify "the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed"; and (2) with respect to any claim where recovery is permitted "only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2) (emphasis added).  Here, the Second Amended Complaint again fails to allege facts demonstrating the requisite false statements or state of mind of the Defendants to sustain a securities fraud claim.

   1. False Statements

  To supplement the claims made in their First Amended Complaint, the Plaintiffs now come forward with additional allegations of "improper distribution practices" by the Defendants such as "transshipping" or "reselling."  According to the Plaintiffs, "[t]ranshipping is selling product outside your franchise territory lines or selling to customers you knew were going to do this" and "[r]eselling is selling to a customer

who resells the product inappropriately, for instance making bulk sales to other CCE customers within a territory, thereby undercutting price and demand for CCE's product." (Sec. Am. Compl., ¶ 59.)  These new allegations fail to meet the materiality requirement.  See Johnson v. Tellabs, Inc., 262 F. Supp. 2d 937, 949 n.12 (N.D. Ill. 2003) (stating that a plaintiffs' channel stuffing allegations involving returns of "millions" of dollars in a company with fourth quarter sales of more than a billion dollars were not specific enough to meet the materiality pleading requirements).

There are no facts alleged that tie these new allegations to any particular sales or revenue projections. As I said in the earlier Order, aggressive sales tactics and errors in applying revenue recognition accounting rules that do not result in materially false sales projections or financial statements are not actionable as securities fraud. With the Second Amended Complaint, the Court and the Defendants are still left totally in the dark as to which financial statements were false and by how much. Therefore, the effect of these "improper distribution practices" is totally left for speculation and conjecture.  The Second Amended Complaint fails to put the Defendants on notice as to the specific false statements attributable to them and the reason that they were false.  In the post-Reform Act and post-Twombly world, the Plaintiffs' case lacks sufficient plausibility to survive.

      2. Scienter

To plead a securities fraud claim sufficiently, a plaintiff must also demonstrate scienter, which requires particular facts giving rise "to a strong inference that the defendant acted in a severely reckless manner." Garfield v. NDC Health Corporation, 466 F.3d 1255, 1265 (11th Cir. 2006). Such an inference can be drawn only where a defendant's actions demonstrate "an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." Id. Although the Reform Act permits the aggregation of facts to infer scienter, it must be established "with respect to each defendant and with respect to each alleged violation of the statute." Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1017-18 (11th 2004). Here, the Second Amended Complaint is clearly deficient. It relies upon what the Defendants are "presumed" and "deemed" to know. That is not enough in the context of this case. A strong inference of extreme recklessness has not been shown.

B. Loss Causation

A plaintiff must also prove that the defendant's false statement proximately caused his injury in order to succeed on a Rule 10b-5 fraud claim. Loss causation requires a plaintiff to show that "the untruth was in some reasonably direct, or proximate, way responsible for his loss." Robbins v. Koger Properties, Inc., 116 F.3d

1441, 1447 (11th Cir. 1997); <u>Barr v. Matria Healthcare, Inc.</u>, 324 F. Supp. 2d 1369, 1379-80 (N.D. Ga. 2004).  In other words, the complaint must allege facts sufficient to demonstrate that the defendant's actions were a "significant contributing cause" to the plaintiff's loss.  <u>Robbins</u>, 116 F.3d at 1447.  It is not enough to plead simply that a company's stock price at the time of purchase was inflated because of the defendant's misrepresentation.  <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 340 (2005). The Defendants asserted in their July 29, 2004 press release that their disappointing second quarter returns were primarily the result of decline in volume in Europe.  It was this press release which caused the precipitous stock price decline. All of the Plaintiffs' channel stuffing allegations arise out of actions that took place in the United States, however, and they still have not set forth a sufficient nexus between these activities and CCE losses in Europe.   Accordingly, their loss causation allegations are also inadequate.

## III. <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion to Dismiss Second Amended Consolidated Class Action Complaint [Doc. 70] is GRANTED.  This action is dismissed with prejudice.

SO ORDERED, this 2 day of October, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge